IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE W. FULCO, #108598, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:24-cv-3076-B (BT) |
| KAUFMAN COUNTY SHERIFF'S DEP'T, et al., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff and former Texas prisoner George W. Fulco filed this civil rights action against the Kaufman County Sheriff's Department and one of its deputies while imprisoned in the Grayson County Jail in Sherman, Texas. *See* Complaint and Amended Complaint (ECF Nos. 1, 10). He sought leave to proceed *in forma pauperis* (IFP). Motion (ECF No. 11).

On January 2, 2025, Fulco filed a change of address notice showing that he was no longer in any jail or prison facility. *See* Notice (ECF No. 14). On January 10, 2025, the Court granted Fulco's motion for leave to proceed IFP under the Prisoner Litigation Reform Act of 1996 (PLRA), but because he was no longer in custody, ordered him to pay the full $350.00 filing fee by February 10, 2025. Order (ECF No. 13). The order also specifically warned that failure to pay the remainder of the filing fee would result in a recommendation that the case be dismissed. *Id*. To date, Fulco has not paid the filing fee or filed anything else.

## Legal Standards and Analysis

Because he filed this action while a prisoner, Fulco was subject to the PLRA. The PLRA provides that a prisoner who brings a civil action "shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Under the PLRA, prisoners may not file an action or an appeal without prepayment of the filing fee in some form. *Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 241 (5th Cir. 1997) (citing § 1915(b)(2)). A prisoner who is granted leave to proceed IFP must still pay the filing fee. If leave to proceed IFP is granted, the court assesses and collects an initial partial filing fee from the custodial institution, which will subsequently withdraw funds from the prisoner's inmate trust account and forward those funds to the Court in installments. *Id.* at § 1915(b)(1) and (2); *Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000). The provision that allows for payment of the filing fee in installments only applies while the prisoner remains in custody. *See* 28 U.S.C. § 1915(b)(2). When the prisoner is no longer in custody, withdrawal of funds from his inmate trust account to pay the fee in installments is no longer an option. *See Mabry v. TDCJ*, 2013 WL 4522684, at *1 (E.D. Tex. Aug. 23, 2013). Even so, a prisoner who brings an action remains subject to the PLRA requiring full payment of the filing fee, even if he is later released from custody. *See Gay*, 117 F.3d at 242.

Here, Fulco filed this action—as well as the amended complaint—while in custody. Because he was later released, he was required to pay the remainder of the full filing fee by the PLRA. *See* 28 U.S.C. § 1915(b)(1).

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

Here, the case cannot proceed until Fulco pays the filing fee. The Court has warned Fulco that his failure to pay the filing fee in full by February 10, 2025, could result in the dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b). But that date has passed, and Fulco has not paid the filing fee or filed anything else. Because he failed to comply with an order that he pay the remainder of the filing fee as required by the PLRA, his case should be dismissed. *Griffin v. Flores*, 2017 WL 6466615, at *2 (N.D. Tex. Nov. 27, 2017), *rec. accepted* 2017 WL 6447237 (N.D. Tex. Dec. 18, 2017); *Mabry*, 2013 WL 4522684, at *1 (same); *Kohoutek v. Dallas Cty. Sheriff's Dept.*, 2010 WL 4721347 (N.D. Tex. Oct. 29, 2010), *rec. accepted* 2010 WL 4721250 (N.D. Tex. Nov. 19, 2010) (same).

## Recommendation

The Court should dismiss plaintiff George W. Fulco's case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and follow Court orders unless he pays the filing fee within the time for objecting to this recommendation or some other deadline established by the Court.

SO RECOMMENDED

February 24, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* [28 U.S.C. § 636(b)(1)](); [FED. R. CIV. P. 72(b)](). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See [Douglass v. United Services Automobile Ass'n](), 79 F.3d 1415, 1417 (5th Cir. 1996)*.